UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JEREMY D. JONES, | Case No. 25-CV-3626 (PJS/DLM) |
| Petitioner, | |
| v. | ORDER |
| T. VAUGHT, | |
| Respondent. | |

Jeremy D. Jones, pro se.

Ana H. Voss and Trevor Brown, UNITED STATES ATTORNEY'S OFFICE, for respondent.

This matter is before the Court on petitioner Jeremy D. Jones's objection to the September 26, 2025 Report and Recommendation ("R&R") of Magistrate Judge Douglas L. Micko. Judge Micko recommends denying Jones's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and dismissing this action without prejudice as moot. ECF No. 5. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Jones's objection and adopts the R&R.

Only one issue merits comment. Judge Micko found (and the Court agrees) that Jones's request for restoration of good-time credits is moot because Jones has completed his prior sentence and any good-time credits he earned while serving his prior sentence

cannot be applied to the sentence he is now serving for a supervised-release violation. But the R&R does not address Jones's request that the Court order the Bureau of Prisons ("BOP") to expunge two disciplinary reports from Jones's record. ECF No. 1 at 3; ECF No. 9 at 3.

Jones lost good-time credits and received these disciplinary reports while serving his prior sentence. ECF No. 1 at 2. Jones seeks expungement of the reports from his record because, he says, (1) they were issued in a manner inconsistent with due process and (2) they will lead to the "collateral consequence" of "negatively impact[ing] Jones['s] placement in [a] half-way house or Home Confinement pursuant to the First Step and Second Chance Act[s]." ECF No. 9 at 3.

Typically, a federal court does not have jurisdiction to decide a challenge to discipline imposed on a prisoner when that challenge is brought after the prisoner completes his sentence and is released from custody. A discharged prisoner who challenges some aspect of his completed sentence bears the burden "of identifying some ongoing collateral consequence that is traceable to the challenged portion of the sentence and likely to be redressed by a favorable judicial decision." *United States v. Juv. Male*, 564 U.S. 932, 936 (2011) (citation modified).[1] In other words, when "a

---

[1] By contrast, there is a presumption of continuing collateral consequences flowing from a wrongful criminal *conviction*. *Spencer v. Kemna*, 523 U.S. 1, 8 (1998); *Beachem v. Schriro*, 141 F.3d 1292, 1293–94 (8th. Cir. 1998). Because of this presumption,
(continued...)

petitioner, though released from custody, faces sufficient repercussions from his allegedly unlawful punishment, the case is not moot." *Leonard v. Nix*, 55 F.3d 370, 372–73 (8th Cir. 1995) (citation omitted).

*Leonard v. Nix* is an example of a challenge to prison discipline by a discharged prisoner (Leonard) that was found not to be moot. The Eighth Circuit gave two reasons for its finding:

First, Leonard had challenged the discipline in both a habeas action and in a civil-rights action under 42 U.S.C. § 1983. Expressing the view that "[a] successful habeas petition is a prerequisite to a section 1983 claim that hinges on a finding that the conviction was illegal," the Eighth Circuit held that "Leonard's section 1983 action gives this [habeas] case life, for if Leonard wins this habeas action, the state becomes vulnerable to his section 1983 damages claim." *Id.* at 373.

Second, the Eighth Circuit noted that, after being released, Leonard had been convicted of a new crime and sent back to prison. According to the Eighth Circuit, "Leonard's return to custody dispenses with any doubt that may remain about the existence of collateral consequences in this case" because "[u]pon his return to ISP, Leonard's inmate status is marked by the previous rules violation, and if he commits

---

[1](...continued)
a challenge to a wrongful conviction is typically not dismissed as moot. *Spencer*, 523 U.S. at 8.

any further infractions he faces more severe treatment because of this prior disciplinary action."  *Id.*; *see also Leiter v. Nickrenz*, 697 F. App'x 470 (8th. Cir. 2017) (per curiam) (citing *Leonard* for the proposition that a petition "where challenged disciplinary action had collateral consequences" was not moot).

Both of the grounds for *Leonard*'s mootness holding have been undermined in the 30 years since the opinion was issued.  First, in *Spencer v. Kemna*, the Supreme Court dismissed as moot a defendant's habeas action challenging the revocation of his parole because, after the defendant's parole had been revoked and he had been returned to prison, his sentence had expired and he had been released.  523 U.S. at 3.  The Court rejected the defendant's argument that, because he would be foreclosed from pursuing a § 1983 action unless he could establish the invalidity of his parole revocation in a habeas action, his habeas action was not moot.  *Id.* at 17.  The Supreme Court said:

> This is a great non sequitur, unless one believes (as we do not) that a § 1983 action for damages must always and everywhere be available.  It is not certain, in any event, that a § 1983 damages claim would be foreclosed.  If, for example, petitioner were to seek damages "for using the wrong procedures, not for reaching the wrong result" . . . and if that procedural defect did not "necessarily imply the invalidity of" the revocation . . . *Heck [v. Humphrey]* would have no application all.

*Id.* (quoting *Heck v. Humphrey*, 512 U.S. 477, 482–83, 487 (1994)).

Second, post-*Leonard* decisions have (at least implicitly) distanced themselves from *Leonard*'s reasoning that, because Leonard was sent back to prison, and because Leonard might commit another disciplinary infraction while serving his new term, and because Leonard might be punished more harshly for that infraction because of the discipline he received while serving his old term, his challenge to the prior discipline was not moot. This is a highly speculative chain of reasoning, and, as post-*Leonard* decisions have made clear, "speculation alone does not allow [a federal court] to retain jurisdiction over a moot case." *United States v. Corrigan*, 6 F.4th 819, 821 (8th Cir. 2021) (citation modified); *see also United States v. L.C.D.*, 399 F. App'x 129, 131–32 (8th Cir. 2010) ("Purely speculative collateral consequences cannot overcome a finding of mootness.") (citation omitted).

In this case, Jones argues that his request that the Court order the BOP to expunge two disciplinary reports—one disciplining Jones for escape, the other for failing an alcohol test—is not moot because those reports "could negatively impact Jones['s] placement in [a] half-way house or Home Confinement pursuant to the First Step and Second Chance Act[s]." ECF No. 9 at 3. In support of his argument, Jones cites provisions of two program statements issued by the BOP. *Id.* But Jones's argument is, at best, entirely conjectural, and, at worst, demonstrably wrong. Jones has pending a second habeas petition in this District, and in that habeas petition, Jones

-5-

himself asserts that "[o]n October 28[,] 2025 [Jones] was referred to CCC placement and given a projected date of January 20, 2026 for RRC Placement." *Jones v. Vaught*, Case No. 25-CV-4488 (JRT/JFD), ECF No. 1 at 4. The attachments to Jones's later habeas petition confirm that the BOP intends to transfer Jones to a halfway house in January. Jones has provided no reason to believe that either of the two program statements he cites have in any way blocked or delayed his "placement in [a] half-way house or Home Confinement . . . ." ECF No. 9 at 3.

Because Jones has failed to show that he currently "faces sufficient repercussions" from the challenged disciplinary reports, his request to expunge those reports is moot. *Leonard*, 55 F.3d at 373.

## ORDER

Based on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner Jeremy D. Jones's objection [ECF No. 9] is OVERRULED.
2. The Court ADOPTS the Report and Recommendation [ECF No. 5].
3. Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus [ECF No. 1] is DISMISSED WITHOUT PREJUDICE.
4. Petitioner's motions to add, amend, or supplement claims [ECF Nos. 6 and 8] are DENIED AS MOOT.

5.      No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  December 19, 2025                      /s/ Patrick J. Schiltz
                                                            Patrick J. Schiltz, Chief Judge
                                                            United States District Court